UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO A. THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY,<br><br>　　　　Defendant. | No. 2:15-cv-2322 KJN P<br><br><br>ORDER |

Plaintiff is proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

As set forth more fully below, the court dismisses plaintiff's complaint, but grants him leave to file an amended complaint.

I. Legal Standards

This court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of

1

1 poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief
2 may be granted, or seeks monetary relief against an immune defendant.

3    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7 490 U.S. at 327.

8    To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
9 assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
10 action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).  In other words,
11 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
13 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
14 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
16 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
17 the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),
18 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
19 U.S. 232, 236 (1974), overruled on other grounds Davis v. Scherer, 468 U.S. 183 (1984).

20    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
22 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
23 pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v.
24 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.
25 1984).
26 ////
27 ////
28 ////

II. Discussion

    A. Section 1983 Linkage Requirement

Although plaintiff's complaint is entitled "Civil Rights and False Arrest Racial Discrimination, Disability," the sole factual allegations within the pleading pertain to his claims alleging "false arrest" based on the falsifying of documents. Plaintiff states that the California Attorney General has not yet completed the investigation of facts relating to Case No. 11F03389, and argues that the case "was not taken serious[ly]." (ECF No. 1 at 2.) While not entirely clear, it appears that plaintiff alleges that he was falsely arrested by the Hawthorne Police Department in 2005, and that his civil rights were "broken by Sacramento County District Attorney." (Id.) He claims that "civil and political rights are a class of rights that protect individuals' freedom from infringement by governments, social organizations and private individuals, and which ensure one's ability to participate in the civil and political life of the society and state without discrimination or repression. And Ronald D. Smetana and Kamala D. Harris broke that right." (Id.) Plaintiff contends that Smetana falsified documents, and that there was insufficient probable cause to arrest plaintiff.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally

////

3

1  required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588
2  F.2d 740, 743 (9th Cir. 1978).

3        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
4  their employees under a theory of respondeat superior and, therefore, when a named defendant
5  holds a supervisorial position, the causal link between him and the claimed constitutional
6  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)
7  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d
8  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.
9  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of
10 official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673
11 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
12 participation is insufficient).

13       Plaintiff includes no factual allegations demonstrating how Harris or Smetana violated his
14 civil rights, and did not name them as defendants in this civil rights action.  Rule 10(a) of the
15 Federal Rules of Civil Procedure requires that each defendant be named in the caption of the
16 complaint.  A complaint is subject to dismissal if "one cannot determine from the complaint who
17 is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).
18 Indeed, it appears plaintiff is pursuing claims against Harris in an action filed in the Los Angeles
19 County Superior Court, inasmuch as he provided copies of her responses to plaintiff's special
20 interrogatories, signed by her on June 24, 2015, and propounded in Thomas v. Attorney General,
21 Case No. BC 564637 (Los Angeles County Superior Court).  (ECF No. 1 at 4-17.)  Plaintiff also
22 provided a copy of the first page of her Demurrer to plaintiff's second amended complaint filed in
23 that action on July 17, 2015.  (Id. at 18.)  Plaintiff states that Case No. BC 564637 is related to
24 Case No. 11F03389.  (ECF No. 1 at 2.)  Plaintiff is advised that he must pursue all related claims
25 against Harris in the Los Angeles County action; he cannot pursue the same claims in different
26 legal venues.

27       Also, plaintiff provided a copy of a filed but unsigned declaration in support of issuance
28 of search warrant bearing a May 24, 2011 typewritten date, filed with the court by Senior

1  Assistant Attorney General Ronald D. Smetana, for filing in People v. Tito Ace Thomas, Case
2  No. 11F03389 (Sacramento County Superior Court), and bearing an endorsed stamp of May 24,
3  2011, and a handwritten No. SF 2011300553.  (ECF No. 1 at 19-29.)  However, plaintiff alleges
4  no facts concerning an arrest that took place in 2011.

5      Plaintiff failed to name any individuals within the Hawthorne Police Department as
6  defendants in connection with his alleged false arrest in 2005, and did not include any specific
7  facts concerning such arrest.

8      Plaintiff is granted leave to amend.  Plaintiff must specifically name individuals he alleges
9  have violated his civil rights and include factual allegations demonstrating a link or connection
10  between each individual and the alleged violation of plaintiff's civil rights.

11      B.  False Arrest, False Imprisonment, and Statute of Limitations

12      Review of Case No. 11F03389 in the electronic records of the Sacramento County
13  Superior Court reflects that plaintiff was arraigned on felony charges on June 13, 2011; on
14  January 12, 2012, plaintiff pled no contest to California Penal Code § 118 (perjury), but that other
15  felony charges were dismissed.[1]  On January 12, 2012, plaintiff was sentenced to 180 days of
16  work furlough with five years' probation.  On June 24, 2013, probation was terminated.

17      False imprisonment is the unlawful violation of the personal liberty of another.  Penal
18  Code § 236.  The definition of the offense is the same whether alleged as a crime or a tort.  Dillon
19  v. Haskell, 78 Cal.App.2d 814, 816 (Cal. App. 2 Dist.1947).  "Under California law, 'false arrest
20  is not a different tort' but 'is merely one way of committing a false imprisonment.'"  Arpin v.
21  Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001), citing Martinez v. City of
22  Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (citation and quotation omitted).

23      California law allows false imprisonment claims for arrests by peace officers in two
24  situations:  when an arrest is made without a warrant, see, e.g., Jackson v. City of San Diego, 121
25  Cal. App.3d 579, 175 Cal. Rptr. 395, 399 (1981), overruled on other grounds by Asgari v. City of

---

[1] Plaintiff's criminal case records are accessed through the Sacramento County Superior Court's Public Case Access records, <https://services.saccourt.ca.gov/PublicCaseAccess>, accessed on November 19, 2015.

5

1   Los Angeles, 15 Cal.4th 744, 63 Cal. Rptr.2d 842 n.10 (1997), and when an officer "maliciously
2   arrests and imprisons another by personally serving an arrest warrant issued solely on information
3   deliberately falsified by the arresting officer himself." McKay v. County of San Diego, 111 Cal.
4   App.3d 251, 168 Cal. Rptr. 442, 443 (1980).
5        Here, plaintiff initially alleges he was unlawfully arrested by the Hawthorne police in
6   2005. "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by
7   the applicable statute of limitations only when 'the running of the statute is apparent on the face
8   of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969
9   (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)),
10  overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th
11  Cir. 2002). However, "'[a] complaint cannot be dismissed unless it appears beyond doubt that the
12  plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id. (quoting
13  Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)). Therefore, in a case like this
14  one, where the running of the statute of limitations is apparent on the face of the complaint, the
15  Court may dismiss it for failure to state a claim, but only after the plaintiff has been provided an
16  opportunity to allege facts which, if proved, might support tolling. See Cervantes v. City of San
17  Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993); see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe
18  Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute
19  of limitations *sua sponte*), overruled on other grounds, Gonzalez v. Ariz. 677 F.3d 383, 389 (9th
20  Cir. 2012) (*en banc*).; Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua
21  sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).
22       Section 1983 contains no specific statute of limitation; therefore, federal courts apply the
23  forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927
24  (9th Cir. 2004) (noting California's two-year statute of limitations for personal injury actions
25  applies to § 1983 claims); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v.
26  Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was
27  one year. Jones, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended
28  to two years. Id. (citing Cal. Civ. Proc. Code § 335.1).

The law of the forum state also governs tolling. Wallace v. Kato, 549 U.S. 384, 394, 127 S. Ct. 1091 (2007) (citing Hardin v. Straub, 490 U.S. 536, 538-39, 109 S. Ct. 1998 (1989)); Jones, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).[2]

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388; Hardin, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." Wallace, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado, 370 F.3d at 955; TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Here, the instant complaint was filed on November 9, 2015, but plaintiff's claims that Hawthorne police falsely arrested him in 2005 would have accrued in 2005. Thus, the wrongful acts that plaintiff alleges caused him harm occurred more than five years before he initiated this suit. This date of accrual exceeds California's statute of limitations. Thus, plaintiff should not renew such claims in any amended complaint.

It is unclear whether plaintiff asserts false arrest claims as to the charges brought in Case No. 11F03389 in Sacramento County. But given his arraignment on June 13, 2011, his arrest would have preceded that date. Thus, any false arrest claims related to Case No. 11F03389 would have accrued in 2011, more than four years before he initiated the instant action. This date of accrual also exceeds California's statute of limitations.

////

---

[2] Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. Cal. Civ. Proc. Code § 352.1(a); Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000), overruled on other grounds, 543 U.S. 499, 125 S. Ct. 1141 (2005). Plaintiff is not presently incarcerated and does not allege he was incarcerated; thus, as alleged in the instant pleading, it does not appear that he is entitled to additional tolling on that basis.

Even assuming, *arguendo*, that such claim was tolled during the pendency of Case No. 11F03389, California Government Code § 945.3,[3] plaintiff's claim would also be time-barred because he was convicted on January 12, 2012, and the remaining charges were dismissed. Thus, plaintiff should have challenged the arrest warrant on or before January 12, 2014, but did not file the instant action until November 9, 2015. Therefore, absent facts not alleged here, such challenge would be time-barred.

Thus, plaintiff's false arrest claims, as presently alleged, are time-barred. In an abundance of caution, such claims are dismissed without prejudice to their renewal in an amended complaint should plaintiff be able to allege facts, in good faith, demonstrating that he is entitled to tolling or to allege false arrest claims not barred by the applicable limitations period.

C. Sacramento County District Attorney

Plaintiff names the Sacramento County District Attorney as a defendant. While not entirely clear, it appears that plaintiff alleges that "Sacramento County District Attorney Ronald D. Smetana" falsified documents in support of the arrest warrant issued in Case No. 11F03389. Plaintiff appears to argue that because Harris claimed that she has not yet fully completed the investigation of facts related to Case No. 11F03389, such statement demonstrates that there was no fair probability, given the totality of evidence, that there was probable cause to support plaintiff's arrest warrant. (ECF No. 1 at 1-2, citing United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). Plaintiff provided a declaration in support of the issuance of a search warrant in

---

[3] Section 945.3 provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Id.

1  Case No. 11F03389 which bears Smetana's name as the filing attorney, but the declaration was
2  prepared for signature by Special Agent Debra Gard with the California Department of Justice,
3  but is not signed. (ECF No. 1 at 19, 29.) The declaration contains detailed information
4  concerning Ms. Gard's training and experience, as well as detailed facts concerning her
5  investigation and interviews. (ECF No. 1 at 19-28.)

6  First, Smetana is not the Sacramento County District Attorney. Plaintiff names the
7  Sacramento County District Attorney as a defendant in the caption. But the declaration in support
8  of issuance of arrest warrant in Case No. 11F03389 reflects Smetana's title as Senior Assistant
9  Attorney General. Thus, it is unclear whether plaintiff intended to sue the district attorney or
10 Smetana.

11 Second, Attorney General Harris did not state that she had not completed the investigation
12 of facts supporting the arrest warrant issued in Case No. 11F03389. Rather, she claimed she had
13 not yet fully completed the investigation of the facts relating to Thomas v. Attorney General,
14 Case No. BC 564637, in connection with her responses to discovery requests therein. Plaintiff's
15 reference to such statement, without more, is insufficient to connect with an arrest warrant issued
16 in Case No. 11F03389 which was supported by a declaration authored by someone else.
17 Plaintiff's conclusory statement that the two cases are related is insufficient.

18 Third, plaintiff fails to allege sufficient facts to state a cognizable Fourth Amendment
19 violation. If a person knowingly or with reckless disregard for the truth includes material false
20 statements or omits material facts in an affidavit submitted in support of a warrant application, he
21 or she may be liable under Section 1983 for a Fourth Amendment violation. Franks v. Delaware,
22 438 U.S. 154, 157 (1978); Cassette v. King Cnty., 625 F.Supp.2d 1084, 1087 (W.D. Wash. 2008).
23 This is called a Franks claim. To support a Section 1983 claim on this theory, a plaintiff must
24 show that the defendant deliberately or recklessly made false statements or omissions that were
25 material to the finding of probable cause. Galbraith, 307 F.3d at 1126. To succeed on this claim,
26 plaintiff must (1) offer a "substantial showing" that the warrant affidavit contained a false
27 statement or an omission that was deliberately false or made with reckless disregard for the truth;
28 and (2) "establish that 'without the dishonestly included or omitted information the affidavit is

1  insufficient to establish probable cause.'" Cassette, 625 F.Supp.2d at 1087, quoting Mendocino
2  Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1295 (9th Cir. 1999).  "Omissions or
3  misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit
4  which on its face establishes probable cause." Ewing v. City of Stockton, 588 F.3d 1218, 1224
5  (9th Cir. 2009).  Here, plaintiff fails to specifically identify the alleged false statements or
6  omissions that were allegedly material to the probable cause finding.

7      Fourth, Smetana may be entitled to immunity.  A state prosecutor "enjoys absolute
8  immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar
9  as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated
10 with the judicial phase of the criminal process.'" Waggy v. Spokane County Washington, 594
11 F.3d 707, 710 (9th Cir. 2010) (quoting Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009));
12 see also Lacey v. Maricopa Cnty., 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing
13 their official prosecutorial functions are entitled to absolute immunity against constitutional
14 torts.").  But prosecutors are entitled to only qualified immunity "when they perform
15 investigatory or administrative functions, or are essentially functioning as police officers or
16 detectives." al-Kidd v. Ashcroft, 580 F.3d 949, 958 (9th Cir. 2009) (citing Buckley v.
17 Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606 (1993)).

18     Finally, it appears that a Fourth Amendment challenge would also be time-barred.  As set
19 forth above, the court borrows the state court's statute of limitations of two years.  Cal. Civ. Proc.
20 Code § 335.1.  "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to
21 know of the injury which is the basis of the action." Lukovsky v. City & Cnty. of S.F., 535 F.3d
22 1044, 1048 (9th Cir. 2008).  As explained above, because the limitations period is two years, it is
23 likely that plaintiff's Fourth Amendment claim is time-barred as well.

24 III.  Leave to Amend

25     Given the vague nature of plaintiff's pleading, it is unclear whether plaintiff can amend
26 his complaint to state a cognizable civil rights claim.  However, plaintiff is granted leave to file an
27 amended complaint.  If plaintiff elects to file an amended complaint, it must show the federal
28 court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if

his allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In any amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Any amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for the allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed, but with leave to amend;

3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and

////

////

4. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  November 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom2322.14