UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITO A. THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY,<br><br>　　　　Defendants. | No. 2:15-cv-2322 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 25, 2015, plaintiff's complaint was dismissed, and plaintiff was granted leave to file an amended complaint. Plaintiff's amended complaint is before the court.

　　　　Plaintiff claims that he was falsely arrested in People v. Thomas, Case No. 11F03389 (Sacramento County). However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "Heck, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the [§] 1983 action must be dismissed." Smithart v. Towery, 79 F.3d 951,

1  952 (9th Cir. 1996).  The § 1983 action "is barred (absent prior invalidation) -- no matter the
2  relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct
3  leading to conviction or internal prison proceedings) -- if success in that action would necessarily
4  demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-
5  82 (2005).  To obtain federal judicial review of a state court conviction, a party must file a
6  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state
7  judicial remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

8       Here, plaintiff's claim that he was falsely arrested necessarily implies the invalidity of his
9  criminal proceeding.  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per
10  curiam) (concluding that claims for false arrest and false imprisonment were not cognizable
11  because a finding that there was no probable cause to arrest plaintiff for disturbing the peace
12  would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

13       Moreover, review of court records reflects that plaintiff is presently challenging his
14  conviction in Case No. 11F03389 through a petition for writ of habeas corpus in Thomas v.
15  Beard, 2:14-cv-0758 TLN AC (E.D. Cal.).  The petition includes plaintiff's allegations that the
16  arrest warrant was based on false information and was not investigated thoroughly, and that his
17  conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.  Id., ECF
18  No. 1 at 4-5.

19       Thus, because plaintiff seeks damages for allegedly unconstitutional criminal proceedings
20  in a criminal case, and because he has not alleged that his conviction has already been
21  invalidated, and could not so allege in light of his pending habeas action, a § 1983 claim for
22  damages has not yet accrued.  See Heck, 512 U.S. at 489-90.  Plaintiff cannot remedy this defect
23  by amendment.  Accordingly, the undersigned recommends that this action be dismissed without
24  prejudice.

25       In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is
26  directed to assign a district judge to this case; and

27       IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.
28  ////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 7, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom2322.56